UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL SMITH,

                    Plaintiff,

                                                   9:12-CV-1153
v.                                             (DNH/TWD)

D. ROCK, Superintendent, Upstate Correctional
Facility; DONALD UHLER, Deputy of Security,
Upstate Correctional Facility; ANCTEL, Lieutenant,
Upstate Correctional Facility; FIFIELD, Sergeant,
Upstate Correctional Facility; GARY GETTMAN,
Sergeant, Upstate Correctional Facility; FIZZAZIO,
Officer, Upstate Correctional Facility; MITCHELL,
Male Officer, Upstate Correctional Facility;
T. RAMSDELL, Officer, Upstate Correctional Facility;
THOMPSON, Officer, Upstate Correctional Facility;
L. STICKNEY, Education Supervisor, Upstate
Correctional Facility,

                    Defendants.
_____

APPEARANCES:                           OF COUNSEL:

PAUL SMITH, 00-A-2268

Plaintiff pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN           CHRISTOPHER W. HALL, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## **REPORT-RECOMMENDATION**

This pro se prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me for Report and Recommendation by the Honorable David N. Hurd, United

States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Plaintiff Paul

Smith alleges that he was wrongly transferred to a double-bunk cell in violation of a pre-existing

medical accommodation for single-occupancy placement.  (Dkt. No. 1.)  Currently pending

before the Court is Defendants' motion to dismiss for failure to state a claim pursuant to Federal

Rule of Civil Procedure 12(b)(6).  (Dkt. No. 37.)  For the reasons that follow, I recommend that

Defendants' motion be granted in part and denied in part.

## I.     BACKGROUND

The following facts are derived from the face of the operative Complaint and are accepted

as true for the purposes of deciding the pending motion to dismiss.  *Erickson v. Pardus*, 551 U.S.

89, 94 (2007).  Plaintiff is an inmate at Upstate Correctional Facility.  (Dkt No. 1 at 1.[1])  Plaintiff

allegedly suffers from a vision disability and, as a result, a hit to the back of the head could result

in permanent vision loss.  *Id.* at 6.  Plaintiff asserts that because of his medical disability,

Defendant Deputy of Security Uhler guaranteed Plaintiff a permanent single-occupancy cell

assignment.  *Id.*  For two years Plaintiff remained in a single-occupancy cell.  *Id.*

Upon returning from a medical trip on June 21, 2012, Plaintiff asserts that Defendant

Uhler reassigned him to a double-bunk cell.  *Id.* at 6-7.  Plaintiff claims Defendant Anctel stated

---

[1]      Page numbers in citations to the Complaint refer to the page numbers assigned by
the Court's electronic filing system rather than to page numbers in the original document.

that he spoke with Superintendent Uhler on the phone before a "riot squad" moved Plaintiff into a cell with another inmate. *Id.* at 7. Plaintiff claims he is now sleeping on a bed frame with "no mattress, no pillow, no sheets, no blanket." *Id.* Plaintiff now refuses to go on his medical trips or court appearances for fear of being retaliated against for leaving the prison. *Id.*

Plaintiff received three misbehavior reports allegedly related to this series of events. *Id.* Defendant Stickney conducted a hearing on July 3, 2012, the result of which was not in Plaintiff's favor. *Id.* Plaintiff attributes the result of the hearing to the alleged homosexuality of Defendant Stickney. *Id.* Plaintiff states that, as a Muslim, he "keeps [his] distance" from homosexuals and lesbians, who are "ill-minded freaks." *Id.* Plaintiff claims that all Defendants have an "evil intent to have [him] harmed and killed [and] l[]ose [his] vision." *Id.* at 8.

Plaintiff filed the operative Complaint on July 18, 2012. (Dkt. No. 1.) On October 17, 2012, the Court granted Plaintiff's *in forma pauperis* application in accordance with the "imminent danger" exception to the three strikes rule set forth in 28 U.S.C. § 1915(g). (Dkt. No. 10.) On March 12, 2013, the Court denied Plaintiff's motion to amend and/or supplement his Complaint and ordered that the stay of the deadline for Defendants' response to the Complaint be lifted. (Dkt. No. 35.) Currently pending before the Court is Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 37.) Plaintiff has failed to oppose the motion. The docket indicates that notice to Plaintiff of the response deadline was returned as "Undeliverable" with the note: "refused 2x by i/m." (Dkt. No. 40.) For the reasons that follow, I recommend that Defendants' motion be granted in part and denied in part.

## II. LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure

12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted.

In order to state a claim upon which relief can be granted, a complaint must contain, inter alia, "a

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint

states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and

common sense . . . . [W]here the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged – but it has not shown – that the

pleader is entitled to relief." *Id*. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the

material facts alleged in the complaint as true and construe all reasonable inferences in the

plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72

(2d Cir. 2009) (citation omitted). However, "the tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**III. ANALYSIS**

Defendants argue that the Complaint should be dismissed because it fails to allege facts plausibly suggesting Defendants' personal involvement in the alleged constitutional deprivations. (Dkt. No. 37-1 at 3-5.[2]) For the reasons discussed below, I find that Defendants are correct regarding Defendants Fifield, Gettman, Fizzazio, Mitchell, Ramsdell, Thompson, and Rock. However, I find that the Complaint sufficiently alleges personal involvement by Defendants Uhler, Stickney, and Anctel.

Under Second Circuit precedent, "'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). In order to prevail on a § 1983 cause of action against an individual, a plaintiff must show some "tangible connection" between the unlawful conduct and the defendant. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). If the defendant is a supervisory official, a mere linkage to the unlawful conduct through the prison chain of command (i.e., under the doctrine of respondeat superior) is insufficient to show his or her personal involvement in that unlawful conduct. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (per curiam); *Wright*, 21 F.3d at 501; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985) (per curiam). In other words, supervisory officials may not be held liable merely because they held a position of authority. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996) (citations omitted). Rather, supervisory personnel may be considered personally involved if they:

---

[2]     Page numbers in citations to the motion to dismiss refer to the page numbers in the original document, rather than to page numbers assigned by the Court's electronic filing system.

(1) directly participated in the violation; (2) failed to remedy that violation after learning of it

through a report or appeal; (3) created, or allowed to continue, a policy or custom under which

the violation occurred; (4) had been grossly negligent in managing subordinates who caused the

violation; or (5) exhibited deliberate indifference to the rights of inmates by failing to act on

information indicating that the violation was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d

Cir. 1995) (citations omitted).[3]

Here, Defendants Fifield, Gettman, Fizzazio, Mitchell, Ramsdell, and Thompson are

mentioned only in the list of parties. There are no factual allegations made regarding their

actions in the deprivation of Plaintiff's rights. Plaintiff fails to show any "tangible connection"

between the unlawful conduct and these Defendants; Plaintiff has failed to assert facts sufficient,

even liberally construed, to "show" that he is entitled to relief based on the actions of Defendants

Fifield, Gettman, Fizzazio, Mitchell, Ramsdell, and Thompson. *See Iqbal*, 556 U.S. at 678.

Without assertions of fact that link those Defendants to the alleged constitutional deprivations,

Plaintiff has failed to state a claim for relief against them that is *plausible* on its face. *See

Ashcroft,* 556 U.S. at 678*; Wright,* 21 F.3d at 501. Therefore, I recommend those six

Defendants' motion be granted and that the Court dismiss the Complaint against Defendants

Fifield, Gettman, Fizzazio, Mitchell, Ramsdell, and Thompson.

---

[3]     In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court ruled that where the
underlying constitutional claim is a claim of intentional discrimination, a supervisory official's
liability must be judged by the official's purpose rather than the official's knowledge of
subordinates' actions or policies. The Second Circuit has not yet issued a decision discussing
*Iqbal*'s effect on the *Colon* categories. Several district courts in the Second Circuit have
determined that *Iqbal* nullified some of the *Colon* categories. *See Sash v. United States*, 674 F.
Supp. 2d 531, 543-44 (S.D.N.Y. 2009) (collecting cases). I will assume for the purposes of this
motion that *Colon* remains good law.

Where a pro se complaint fails to state a cause of action, the Court *generally* "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted). Here, better pleading could cure the defect. Therefore, I recommend that the Court grant Plaintiff leave to amend the Complaint against Fifield, Gettman, Fizzazio, Mitchell, Ramsdell, and Thompson.

Regarding Defendant Rock, Defendants assert the Complaint alleges that Plaintiff wrote to Defendant Rock and he never responded. (Dkt. No. 37-1 at 4.) While the handwriting in the Complaint is admittedly difficult to decipher, the Court interprets that the Complaint states: "I placed Superintendent D. Rock and Deputy Uhler, because everyone stated Uhler gave authorization to Double bunk me." (Dkt. No. 1 at 7.) Later Plaintiff states: "Superintendent D. Rock was here and walked." *Id.* These statements do not appear to allege that Plaintiff wrote to Defendant Rock regarding his issues. While *Iqbal* calls on the Court to draw from its judicial experience and common sense when evaluating a complaint for a plausible claim for relief, the Court cannot create facts that are not apparent in the Complaint. Plaintiff's statement, "Superintendent D. Rock was here and walked" provides little information from which to draw conclusions of personal involvement. Therefore, I recommend Defendant Rock's motion be granted and that the Court dismiss the Complaint against Defendant Rock.

The Second Circuit has recently cautioned courts against dismissing claims at the 12(b)(6) stage for failure to allege personal involvement without granting leave to amend where the plaintiff may allege that an official failed to respond to a letter of complaint. *Grullon v. City of New Haven*, 720 F.3d 133, 141 (2d Cir. 2013). In *Grullon*, the Court indicated that a prisoner's letter of complaint sent to a prison warden "at an appropriate address and by appropriate means" would suffice to state facts plausibly suggesting personal involvement. *Id*. If, here, Plaintiff alleges he wrote to Defendant Rock, better pleading may cure the personal involvement defect in Plaintiff's Complaint. Therefore, I recommend that the Court grant Plaintiff leave to amend the Complaint against Defendant Rock.

Regarding Defendant Uhler, the Complaint alleges Defendant Uhler is responsible for Plaintiff's transfer to a double-occupancy cell. (Dkt. No. 1 at 7.) Plaintiff states that "everyone stated Uhler gave authorization to Double bunk me." *Id.* Defendants argue that these allegations are insufficient to plausibly suggest Defendant Uhler's personal involvement because Plaintiff's allegations are "inadmissable hearsay." (Dkt. No. 37-1 at 4-5.) However, a hearsay argument is irrelevant because the Court must accept the material facts alleged in the Complaint as true and construe all reasonable inferences in Plaintiff's favor for the purposes of evaluating a 12(b)(6) motion. Plaintiff asserts that Defendant Uhler was directly involved in the alleged violation of Plaintiff's rights. Therefore I recommend that the Court deny Defendant Uhler's motion to dismiss.

Regarding Defendant Stickney, the Complaint alleges that Defendant Stickney presided over Plaintiff's hearing and, although the Court cannot make out the exact allegation from Plaintiff's handwriting, in some way prevented Plaintiff's witnesses from testifying. (Dkt. No. 1

at 7.)  Defendants argue Plaintiff's allegations regarding Defendant's sexuality and "evil intent to have [Plaintiff] harmed" are insufficient to plausibly suggest Defendant Stickney's personal involvement.  (Dkt. No. 37-1 at 5.)  However, Defendants ignore Plaintiff's allegation of witness tampering and denial of fair hearing, which lie at the crux of Plaintiff's claim against Defendant Stickney.  Plaintiff has provided a "tangible connection" between the alleged unlawful conduct and Defendant Stickney.  Therefore, I recommend that the Court deny Defendant Stickney's motion to dismiss.

Regarding Defendant Anctel, the Complaint alleges that Defendant Anctel stated that he spoke to Defendant Uhler on the phone immediately before "they" suited up with "riot squad" gear to move Plaintiff to a double-occupancy cell.  (Dkt. No. 1 at 7.)  Defendants argue that these allegations are insufficient to plausibly suggest Defendant Anctel's personal involvement because "Plaintiff does not state what was said or how he even knew about the phone call." (Dkt. No. 37-1 at 5.)  Construed liberally in Plaintiff's favor, the Court understands the Complaint to allege that Defendant Anctel told Plaintiff that he, Anctel, spoken with Defendant Uhler on the phone and that Defendant Anctel was in some way involved in Plaintiff's physical transfer to double-occupancy housing.  Construed in that manner, Plaintiff has alleged facts plausibly suggesting the personal involvement of Defendant Anctel. Therefore, I recommend that the Court deny Defendant Anctel's motion to dismiss.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 37) be **GRANTED IN PART AND DENIED IN PART**.  It is recommended that the claims against Defendants  FIFIELD, GETTMAN, FIZZAZIO, MITCHELL, RAMSDELL,

THOMPSON, and ROCK be dismissed with leave to amend within thirty days of any Order

adopting this Report-Recommendation. It is recommended that Defendants UHLER, ANCTEL,

and STICKNEY be directed to respond to the Complaint.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file

written objections to the foregoing report. Such objections shall be filed with the Clerk of the

Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL**

**PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72, 6(a).


Dated: November 27, 2013
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge