UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL SMITH,

                           Plaintiff,

                                                  9:12-CV-01153
v.                                                  (DNH/TWD)

DONALD UHLER, et al.,

                           Defendants.
_____

APPEARANCES:

                                                   OF COUNSEL:

PAUL SMITH, 00-A-2268
Plaintiff pro se
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

HON. ERIC T. SCHNEIDERMAN              CHRISTOPHER W. HALL, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT-RECOMMENDATION

       This pro se prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me by the Honorable David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Currently pending before the Court is Defendants' motion pursuant to Federal Rule of Civil Procedure 37 to dismiss the action as a sanction for Plaintiff's failure to attend his scheduled deposition. (Dkt. No. 56.) For the reasons that follow, I recommend that the Court dismiss this action.

I.  **BACKGROUND**

In this action, Plaintiff Smith claims that Defendants incorrectly assigned him to a double bunk cell on June 21, 2012, in contravention of existing medical orders. (Dkt. No. 1.) Plaintiff claims that this put him at risk of losing the limited vision he has in his right eye. *Id*. Plaintiff states he spoke with Superintendent Uhler on the phone before a "riot squad" moved Plaintiff into a cell with another inmate. *Id*. Plaintiff claims he is sleeping on a bed frame with "no mattress, no pillow, no sheets, no blanket." (Dk. No. 1.) Plaintiff now refuses to go on medical trips out of fear of being retaliated against for leaving the prison. *Id*.

On January 21, 2014, the Court issued a Mandatory Pretrial Discovery and Scheduling Order. (Dkt. No. 45.) In that order, the Court granted Defendants leave to take Plaintiff's deposition. *Id*. at 4. The order stated that:

> Defense counsel shall provide plaintiff[] with notice of the date of the deposition in the form provided in Rule 30(b)(1) and such notice shall be deemed sufficient if the notice is mailed to plaintiff[] at least fifteen (15) days prior to the scheduled date for the deposition. The deposition may not commence until at least fifteen (15) days after defense counsel has filed a notice of compliance with [mandatory discovery].

*Id.* at 4-5.

On July 24, 2014, defense counsel filed a notice of compliance with mandatory discovery. (Dkt. No. 48.) The deposition was scheduled for August 21, 2014. (Dkt. No. 50.) Plaintiff "refused to cooperate at all. He answered no questions and would not even acknowledge his name or presence. He remained mute." *Id*. at 1. A second deposition was scheduled for September 26, 2014. (Dk. No. 52.) The Court advised Plaintiff by text order that he would be subject to sanctions, which could include a recommendation to dismiss this case, if he failed to

2

answer questions at the rescheduled deposition. (Dkt. No. 51.) The court mailed notice of the text order to Plaintiff, but it was returned marked "refused." (Dkt. No. 53.)

When Defendants attempted to conduct the deposition on September 26, 2014, Plaintiff refused to get on the bus to Great Meadow Correctional Facility, where the deposition was scheduled to take place. (Dkt. No. 54.) Defendants moved for sanctions. *Id*. I advised Plaintiff that his failure to accept Court mail and/or respond to Defendants' motion could result in sanctions including a recommendation to dismiss the case. (Text Order Oct. 2, 2014.)

On November 24, 2014, I ordered Plaintiff to reimburse Defendants for the $100.00 in expenses that they incurred as a result of Plaintiff's failure to answer questions at his first deposition. (Dkt. No. 55.) I stated that "[f]ailure to pay the sanction or request an extension . . . shall result in a recommendation to dismiss the case." *Id.*

Plaintiff did not comply with the order. (Dkt. No. 56.) Plaintiff has not participated in this lawsuit since August 21, 2014, when he refused to speak at his first scheduled deposition. Defendants now move to dismiss the action for Plaintiff's failure to appear at his deposition. (Dkt. No. 56.) Plaintiff has not opposed the motion.

**II.     ANALYSIS**

Defendants move under Federal Rule of Civil Procedure 37(b) to dismiss the complaint as a sanction for Plaintiff's failure to appear at his properly noticed deposition. (Dkt. No. 56.) Under Rule 37(b), if:

> a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

3

>     (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Further, "[i]nstead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

A court may consider several factors when considering a motion to dismiss for failure to comply with discovery. *S. New England Tel. Co. v. Global NAPs, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). Those factors are: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the duration of the period of noncompliance; (3) whether the non-compliant party had been warned of the consequences of noncompliance; and (4) the efficacy of lesser sanctions. *Id.* Sanctions may be imposed against a pro se litigant "so long as a warning has been given that noncompliance can result" in a sanction. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).

Regarding the first factor, "[n]on-compliance may be deemed willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control. In addition, a party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault." *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (citations omitted).

4

Here, the Court's orders were clear. There is no indication that Plaintiff did not understand the orders. Plaintiff has not advised the Court that his failure to appear or his failure to pay the monetary sanctions were due to factors beyond his control. Accordingly, I find that Plaintiff's failure to appear at his deposition was willful. Therefore, this factor weighs in favor of dismissal.

Regarding the second factor, the duration of Plaintiff's noncompliance is lengthy. *See Aliki Foods, LLC v. Otter Valley Foods, Inc.*, 726 F. Supp. 2d 159, 180 (D. Conn. 2010) (dismissing complaint and characterizing one-year delay in complying with court order to produce records as "extremely lengthy"); *State Farm Mut. Auto Ins. Co. v. Grafman*, 274 F.R.D. 442, 452 (E.D.N.Y. 2011) (dismissing case where "defendants' non-compliance span[ned] nearly the entire length of this seven-year litigation"); *Handwerker*, 211 F.R.D. at 210 (finding that failure to provide discovery or respond to proposed dates for deposition for "over nine months" weighed in favor of dismissal); *Nieves v. City of New York*, 208 F.R.D. 531, 536 (S.D.N.Y. 2002) (finding that failure to provide adequate discovery responses for "more than two years" weighed in favor of dismissal); *Abreu v. City of New York*, 208 F.R.D. 526, 527 (S.D.N.Y. 2002) (finding that failure to provide adequate discovery "for over a year" weighed in favor of dismissal); *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442 (W.D.N.Y. 1997) (finding that failure to respond to discovery for over a year weighed in favor of dismissal). Here, Plaintiff has been noncompliant since March 20, 2013, which was the first time he refused mail pertaining to this action. (Dkt. No. 36.) Over two years of noncompliance is extremely lengthy. Thus, the second factor weighs in favor of dismissal.

Regarding the third factor, the Court and defense counsel advised Plaintiff of his duty to

appear at his deposition.  On August 26, 2014, the Court stated that Plaintiff's failure to answer questions at his deposition may result in sanctions which may include a recommendation to dismiss the case for failure to provide discovery and for failure to prosecute.  (Dkt. No. 51.)  Plaintiff continued to decline Court mail.  (Dkt. No. 53.)  Plaintiff was warned again on October 2, 2014, that his failure to accept Court mail and/or provide a response to Defendants' motion may result in sanctions which may result in dismissal.  (Text Notice Oct. 2, 2014.)  On November 24, 2014, Plaintiff was warned again about the potential consequences of refusing to appear, which included dismissal.  (Dkt. No. 55.)  Therefore, this factor weighs in favor of dismissal.

Regarding the fourth factor, the Court has previously imposed lesser sanctions on Plaintiff.  As noted above, I ordered Plaintiff to reimburse Defendants for the $100.00 in expenses they incurred as a result of Plaintiff's failure to appear at his deposition.  (Dkt. No. 55.)  Plaintiff did not comply with the order.  Thus, this factor weighs in favor dismissal.

Weighing the factors with the special solicitude that must be granted to pro se litigants, dismissal is warranted in this case.  Therefore, I recommend that the Court grant Defendants' motion to dismiss without prejudice.

**ACCORDINGLY**, it is

**RECOMMENDED** that the Court **GRANT** Defendants' motion to dismiss (Dkt. No. 56) without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL**

**PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).


Dated: June 24, 2015
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge